FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

**MAY 3 0 2013**

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

IN THE MATTER OF THE
EXTRADITION OF

WAHAK KATSCHADOR,
  aka "Vahagn Khachatryan,"

A Fugitive from the
Government of the Federal
Republic of Germany.

)
)
)
)
)
)
)
)
)
)
)

Case No. CV 13-1320-JAK (JPR)

CERTIFICATION OF EXTRADITABILITY
AND ORDER OF COMMITMENT

    The Court has received a Complaint in this matter filed by
the U.S. Attorney's Office for the Central District of
California, acting on behalf of the Government of the Federal
Republic of Germany, requesting extradition of Wahak Katschador,
also known as "Vahagn Khachatryan." (Because the identity of the
person appearing before the Court has been disputed, the Court
refers to him henceforth as "Defendant.") The Court is also in
receipt of a formal request for extradition, including supporting
documentation submitted by the Government of the Federal Republic
of Germany. The parties have submitted various memoranda
relating to the extradition, which the Court has read and
considered. On May 16, 2013, the Court conducted an extradition

1

hearing, at which Defendant appeared with counsel.  The Court has carefully reviewed the evidence presented and finds as follows:

1.    The undersigned judicial officer is authorized under 18 U.S.C. § 3184 and General Order 05-07 to conduct an extradition hearing.

2.    The undersigned judicial officer and the U.S. District Court for the Central District of California have personal jurisdiction over Defendant and subject matter jurisdiction over the case.

3.    An extradition treaty between the United States and the Federal Republic of Germany is currently in force, specifically, the Extradition Treaty signed on June 20, 1978 ("the 1978 Treaty"), the Supplementary Extradition Treaty signed October 21, 1986 ("the 1986 Supplementary Treaty"), and the Second Supplementary Treaty signed on April 18, 2006 (the "2006 Second Supplementary Treaty") (collectively, the "Treaty").

4.    By judgment entered March 16, 2006, file number 10 KLs 123 Js 20339/05, the Land Court of Stade convicted Katschador for aggravated robbery with accomplices pursuant to Section 249 and Section 25, Subsection (2) of the German Criminal Code. Katschador was sentenced to a prison term of three years. Katschador is also the subject of an arrest warrant issued by the Regional Court in Lüneburg on November 23, 2006, Lüneburg District Attorney's Office file number 8101 Js 10269/06. Katschador is wanted to stand trial for jointly committed aggravated robbery, in violation of Section 249, Subsection (1), and Section 25, Subsection (2) of the German Criminal Code.

5.    The charges on which Katschador was convicted and the

charges for which he is wanted, as to both of which extradition
is sought, constitute extraditable offenses under the Treaty,
specifically, under Article 2 and the Appendix of the 1978 Treaty
and the 1986 Supplementary Treaty.

6.    The Federal Republic of Germany, the requesting state,
seeks the extradition of Defendant, who it believes is
Katschador, to enforce the sentence of imprisonment imposed by
the Land Court of Stade and to bring Katschador to trial on the
charges that are the subject of the arrest warrant issued by the
Regional Court in Lüneburg.

7.    Sufficient evidence has been presented to establish
probable cause that Defendant is Katschador, the individual who
has been charged and convicted in the Stade case and who is
sought in the Lüneburg case.  The Court bases this finding on the
following evidence:

a.    The Court observed Defendant at the hearing on May
16, 2013, and Defendant's appearance appears to match the
photographs of Katschador contained in the extradition request as
well as those on the California driver's license photo in the
name of Khachatryan, the Glendale "mug shot" of Khachatryan, and
the Armenian passport of Khachatryan.

b.    The Latent Print Examination Report comparing the
fingerprints of "Vahagn Khachatryan," the Defendant, with the
fingerprints of Katschador that were taken from the person being
sought by Germany during the course of those proceedings
concludes that the fingerprints were made by the same individual.

c.    Vahagn Khachatryan and Wahak Katschador are
similar sounding names, and the two have a nearly identical

1   birthdate: the German arrest warrant for Katschador lists his

2   birthdate as February 8, 1984, whereas Khachatryan's California

3   Driver's License and Armenian passport list his birthdate as

4   February 9, 1984.

5           d.    Katschador was summonsed to appear at a German

6   prison on May 23, 2006, but he failed to appear.  Khachatryan

7   obtained an Armenian passport a short time later, on July 27,

8   2006, and used it in December 2008 to immigrate to the United

9   States.

10          e.    Two German investigators, each of whom was

11  personally involved in one of Katschador's German cases, viewed

12  the photograph of Khachatryan from his Glendale, California

13  arrest and stated that the individual depicted was in fact

14  Katschador, the same person they had come into contact with in

15  the German cases.

16      8.    Sufficient evidence has been presented to establish

17  probable cause that Defendant committed the offenses in the Stade

18  case.  The Court makes this finding as both a matter of law, see

19  Spatola v. United States, 925 F.2d 615, 618 (2d Cir. 1991) (in

20  cases in which a judgment of conviction has been entered by a

21  foreign court, no need exists for an independent determination of

22  probable cause; guilt is an adjudicated fact that establishes

23  probable cause), and based on the factual evidence presented,

24  with each such ground being independently sufficient.  As to the

25  latter ground, the evidence before the Court is sufficient to

26  establish probable cause of at least the following: in the early

27  morning hours of June 19, 2005, Katschador and two other

28  individuals robbed a STAR gas station on their way to Rotenburg,

4

Germany.  Katschador and one of the other individuals, wearing go-kart masks, entered the STAR station, broke open a cash box, and took money and telephone cards.  They also took money and a cellular phone from a store employee.  Defendant is Katschador.

9.  Sufficient evidence has been presented to establish probable cause that Katschador committed the offenses in the Lüneburg case.  The evidence before the Court is sufficient to establish probable cause of at least the following: On July 10, 2005, Katschador, wearing a mask, and two other individuals robbed a gas station in Bergen, Germany, stealing cartons of Marlboro cigarettes, 62 phone cards of various denominations, and 4390.00 Euro in cash.  Defendant is Katschador.

10.  No facts have been presented to bar the extradition of Katschador under the extradition treaty.

11.  Based on the foregoing findings, the Court concludes that Defendant is Katschador and that he is extraditable for each offense for which extradition was requested; the Court hereby certifies this finding to the Secretary of State as required under 18 U.S.C. § 3184.

IT IS THEREFORE ORDERED that the Clerk of the Court forthwith deliver to the Assistant U.S. Attorney a certified copy of this Certification of Extraditability and Order of Commitment and forward without delay certified copies of the same to the Secretary of State (to the attention of the Office of the Legal Adviser) and the Director, Office of International Affairs, Criminal Division, U.S. Department of Justice, in Washington, D.C., for appropriate disposition.

IT IS FURTHER ORDERED that Defendant, Katschador, be

5

committed to the custody of the U.S. Marshal for the Central District of California pending final disposition of this matter by the Secretary of State and arrival of agents of the requesting state, at which time Defendant, Katschador, together with any evidence seized incidental to his arrest, shall be transferred to the custody of the agents of the requesting state at such time and place as mutually agreed upon by the U.S. Marshal and the duly authorized representatives of the Government of the Republic of Germany, to be transported to the Republic of Germany.

IT IS SO FOUND AND ORDERED this 30th day of May, 2013.

HON.  JEAN P. ROSENBLUTH
U.S. Magistrate Judge